**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREEWAY FOODS | ) | |
| OF GREENSBORO, INC. | ) | Case No. 10-11282 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JANE H. WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02057 |
| | ) | |
| vs. | ) | |
| | ) | |
| FREEWAY FOODS, INC., FREEWAY, | ) | |
| FOODS OF GREENSBORO, INC., | ) | |
| GARY M. FLY, individually, LYNNE R. | ) | |
| FLY, individually, YELLOW SIGN, INC., | ) | |
| WAFFLE HOUSE, INC., and KIMBERLY | ) | |
| S. KRAFT, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AND MEMORANDUM OPINION**

The above-captioned plaintiff (the "Plaintiff") filed an Amended Complaint in this Adversary Proceeding on June 24, 2011. On July 25, 2011, the Chapter 7 Trustee for the above-captioned debtor (the "Debtor") filed a Motion to Dismiss Plaintiff's Claims against the Debtor (the "Motion to Dismiss"), and Yellow Sign, Inc., Waffle House, Inc., and Kimberly S. Kraft filed a Motion for Judgment on the Pleadings (the "Motion for Judgment on the Pleadings" and, with the Motion to Dismiss, the "Dispositive Motions"). Given the complexity of these matters and the Supreme Court's recent decision in Stern v. Marshall, -- U.S. --, 131 S. Ct. 2594 (U.S. June 23, 2011), the Court held a hearing on September 20, 2011 to address the issues regarding the Court's authority

to render final judgment on certain of the claims at issue in this Adversary Proceeding before considering the merits of the Dispositive Motions.

The Court had already made findings and conclusions as to whether certain of the Plaintiff's claims are core or non-core in its Memorandum Opinion Denying Plaintiff's Motion to Remand (the "Remand Opinion"), entered on May 24, 2011. In summary, the Court found that the Plaintiff's Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action were non-core matters. The Court further found that the Plaintiff's First and Fifth Causes of Action were core matters. The Plaintiff's Twelfth, Thirteenth, and Fourteenth Causes of Action were not addressed in the Remand Opinion, as they were added in the Amended Complaint filed subsequent to the entry of the Remand Opinion. Since the ruling in Stern v. Marshall raised issues regarding the Court's authority to enter final judgment in certain core matters, the parties were given the opportunity to submit briefs outlining their respective positions as to:

(1) whether the Plaintiff's Twelfth, Thirteenth, and Fourteenth Causes of Action are core or non-core matters; and

(2) whether and how the Stern v. Marshall ruling applies to the Court's authority to render final judgment in:

(a) Plaintiff's First and Fifth Causes of Action, which the Court has already determined are core matters; and

(b) Plaintiff's Twelfth, Thirteenth, and Fourteenth Causes of Action, if they are core matters.

The Court has considered the briefs and the oral argument presented by all parties at the hearing on September 20, 2011. The Court finds it has the authority to enter final judgment in the

Plaintiff's First and Fifth Causes of Action. As the Supreme Court explained in Stern v. Marshall, a bankruptcy court can enter a final judgment if "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." 131 S. Ct. at 2618. Since the Plaintiff's First and Fifth Causes of Action are based on alleged breaches of the lease agreement that is the basis for the Plaintiff's proof of claim in the Debtor's bankruptcy, it is clear that such causes of action would necessarily be resolved in the claims allowance process.

The Court further finds that the Plaintiff's Twelfth, Thirteenth, and Fourteenth Causes of Action are almost identical to her Eighth, Ninth, and Tenth Causes of Action for interference with contract, fraud, and unfair and deceptive trade practices. The Court has already discussed in the Remand Opinion that such causes of action are non-core, "related to" proceedings. They do not invoke a substantive right provided by Title 11, and they are not, by their nature, matters that could arise only in the context of a bankruptcy. See Official Comm. of Unsecured Creditors of Wickes, Inc. v. Wilson, 2006 WL 1457786, at *5 (N.D. Ill. May 23, 2006) (claims for breach of fiduciary duty, unjust enrichment, fraud, civil conspiracy, illegal dividend, aiding and abetting breach of fiduciary duty, and deepening insolvency are non-core); Mirant Corp. V. The Southern Company, 337 B.R. 107, 117 (N.D. Tex. 2006) (claims for unlawful dividend, alter ego, and aiding and abetting breach of fiduciary duty are non-core). As such, the Court lacks constitutional authority to enter final judgment on these causes of action (as well as the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action that the Court previously found to be non-core, "related to" proceedings), and must therefore enter proposed findings of fact and conclusions of law[1]

---

[1] While the parties may consent to a bankruptcy court entering final judgments in both non-core, "related-to" matters and core matters where it lacks constitutional authority to do so under Stern, the Plaintiff and the Flys have declined to consent to this Court's authority to enter

when considering the Dispositive Motions as they pertain to these causes of action.  In re Polaroid Corp., 451 B.R. 493, 496 (Bankr. D. Minn. 2011).

It is further ORDERED that a hearing on the Dispositive Motions will be held on January 30, 2012 at 9:30 a.m. in Courtroom 3, Second Floor, 101 South Edgeworth Street, Greensboro, NC 27401.

---

final judgment on such causes of action in this case. See 28 U.S.C. § 157(c)(2); In re Polaroid Corp., 451 B.R. 493, 496 (Bankr. D. Minn. 2011); In re Mandel, 2011 WL 2728415 at *2 (Bankr. E.D. Tex. July 12, 2011).

**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREEWAY FOODS | ) | |
| OF GREENSBORO, INC. | ) | Case No. 10-11282 |
| | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JANE H. WALTER, | ) | |
| | ) | |
|     Plaintiff, | ) | Adv. No. 10-02057 |
| | ) | |
| vs. | ) | |
| | ) | |
| FREEWAY FOODS, INC., FREEWAY, | ) | |
| FOODS OF GREENSBORO, INC., | ) | |
| GARY M. FLY, individually, LYNNE R. | ) | |
| FLY, individually, YELLOW SIGN, INC., | ) | |
| WAFFLE HOUSE, INC., and KIMBERLY | ) | |
| S. KRAFT, individually, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Rachel S. Decker, Esq.

William P. Miller, Esq., Trustee

James Adams, II, Esq.

William B. Sullivan, Esq.

5