**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREEWAY FOODS OF | ) | Case No. 10-11282 |
| GREENSBORO, INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JANE H. WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02057 |
| v. | ) | |
| | ) | |
| FREEWAY FOODS, INC., FREEWAY | ) | |
| FOODS OF GREENSBORO, INC., | ) | |
| GARY M. FLY, individually, LYNNE R. | ) | |
| FLY, individually, YELLOW SIGN, INC., | ) | |
| and WAFFLE HOUSE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court upon the Motion to Dismiss Plaintiff's Claims against Freeway Foods, Inc. and Freeway Foods of Greensboro, Inc. (the "Motion to Dismiss") filed by William P. Miller, the Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") on July 25, 2011, and the Response in Opposition to the Motion to Dismiss filed by the above-captioned plaintiff ("Walter") on August 8, 2011. At the hearing, James C. Lanik appeared on behalf of the Trustee and Rachel S. Decker appeared on behalf of Walter.

**I. FACTS**

1

The facts of this case are fully set forth in the Memorandum Opinion Denying Plaintiff's Motion to Remand, entered by this Court on May 24, 2011, and are incorporated by reference. They will not be repeated here.

## II. PROCEDURAL POSTURE

On July 13, 2010, an involuntary bankruptcy petition was filed on behalf of the above-captioned debtor (the "Debtor"). On July 30, 2010, Walter filed suit in the Superior Court of Guilford County, North Carolina, against the Debtor, Gary and Lynne Fly (the principals of the Debtor and, collectively, the "Flys"), Waffle House, Inc. ("Waffle House," the franchisor of the Debtor's Waffle House locations), and Yellow Sign, Inc. ("YSI," an affiliate of Waffle House), seeking damages as a result of an alleged scheme between and among the Defendants to defraud her. The complaint set forth eleven causes of action: (1) breach of lease agreement against the Debtor; (2) fraud against the Debtor and the Flys; (3) unfair and deceptive trade practices against the Debtor; (4) piercing the corporate veil against the Flys; (5) breach of lease agreement against Waffle House and YSI; (6) successor liability against Waffle House and YSI; (7) lender liability against Waffle House and YSI; (8) interference with contract against Waffle House and YSI; (9) fraud against Waffle House and YSI; (10) unfair and deceptive trade practices against Waffle House and YSI; and (11) conspiracy against the Debtor, Waffle House, YSI, and the Flys. On November 1, 2010, after being informed of the Debtor's bankruptcy, Walter timely filed a proof of claim for $108,744 for "rent and taxes owed." On November 5, 2010, the Debtor filed a Notice of Removal to the United States District Court for the Middle District of North Carolina. On November 19, 2010, Walter filed a Notice of Dismissal, voluntarily dismissing her claims against the Debtor without prejudice, and on December 7, 2010, this case was opened as an Adversary Proceeding in the Bankruptcy Court. On December 29, 2010, the deadline to file

proofs of claim expired, and on June 24, 2011, with the permission of the Court, Walter amended her complaint to reassert her claims against the Debtor.

### III. DISCUSSION

The Trustee argues that Walter's breach of lease claim is also the basis of her proof of claim and therefore should be dealt with in the claims allowance process. The Trustee argues that Walter is inappropriately attempting to circumvent the Bankruptcy Code's proof of claim framework. The Court finds this argument to be without merit. While the time for the Trustee to object to Walter's proof of claim has not yet expired, if the Trustee decides not to object, then the Trustee need not oppose that claim in this Adversary Proceeding. If the Trustee does object, then the breach of contract action can be more efficiently decided in the Adversary Proceeding, along with other factually related causes of action, than as a separate contested matter.

As to the other claims, the Trustee argues that Walter's amendment of her complaint to reassert her claims against the Debtor is essentially an untimely and impermissible amendment of her proof of claim. Fed. R. Bankr. P. 9006(b) makes clear that the Court does not have the discretion to extend the time to file proofs of claim in a Chapter 7 case. In re Meredith, No. 10-12340 (Bankr. M.D.N.C. Jan. 27, 2012). Walter amended her complaint almost six months after the deadline to file proofs of claim had passed. The Trustee argues that allowing Walter to assert claims against the Debtor that were not included in her proof of claim is akin to allowing a late-filed proof of claim in this Chapter 7 case. The Court disagrees. Walter's original complaint asserted all causes of action against the Debtor, and courts have routinely allowed pleadings in adversary proceedings to serve as informal proofs of claim where the debtor has notice as to "the existence, nature and amount of the claim (if ascertainable)." Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 132 (3d Cir. 2005);

3

see also Agassi v. Planet Hollywood Intern., Inc., 269 B.R. 543, 549–50 (D. Del. 2001); In re SemCrude, L.P., 443 B.R. 472, 479 (Bankr. D. Del. 2011). The Court finds that this Adversary Proceeding, which was filed before the deadline to file proofs of claim had expired, served as an informal proof of claim.  As such, the complaint as originally filed gave ample notice to the Debtor because it asserted all of Walter's causes of action. Walter only dismissed her claims against the Debtor when she learned of the Debtor's bankruptcy.  The Debtor is not prejudiced by an amendment to the complaint that reasserts those same claims.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Walter's claims against the Debtor were timely asserted, and that the Debtor had sufficient and proper notice of them. The Court further finds that there is no prejudice to the Debtor or to other creditors by allowing Walter to proceed with all of her claims against the Debtor in this Adversary Proceeding. Accordingly, the Trustee's Motion to Dismiss is **DENIED**.[1]

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

---

[1] Because the Court has denied the motion, Stern v. Marshall is not implicated; denial of a dispositive motion does not constitute a final order. Bryan v. BellSouth Communications, Inc., 492 F.3d 231, 240 (4th Cir. 2007); Allen v. Stone, 588 S.E.2d 495, 497 (N.C. App. 2003) (denial of a motion to dismiss merely "continues the action in the trial court for further litigation"); O'Neill v. Southern Nat'l Bank, 252 S.E.2d 231, 234 (N.C. App. 1979) (denial of a Rule 12(b)(6) motion is not a final judgment).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREEWAY FOODS OF | ) | Case No. 10-11282 |
| GREENSBORO, INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JANE H. WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02057 |
| v. | ) | |
| | ) | |
| FREEWAY FOODS, INC., FREEWAY | ) | |
| FOODS OF GREENSBORO, INC., | ) | |
| GARY M. FLY, individually, LYNNE R. | ) | |
| FLY, individually, YELLOW SIGN, INC., | ) | |
| and WAFFLE HOUSE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

James C. Adams, II, Esq.

Rachel Scott Decker, Esq.

William P. Miller, Esq., Trustee

William B. Sullivan, Esq.

Michael D. West, Esq., Bankruptcy Administrator